UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FERGUSON; PERRY SANDBERG; MOBILE FLEET SERVICE WELDING AND REPAIR LLC, nominal plaintiff, <br><br> Plaintiffs, <br><br> v. <br><br> F/V THE PORN STAR ET AL, <br><br> Defendants. | CASE NO. 23-cv-1338 <br><br> ORDER ON MOTIONS AND ORDER TO SHOW CAUSE |

## 1. INTRODUCTION

Proceeding pro se and *in forma pauperis,* Lee Ferguson, Perry Sandberg, and Mobile Fleet Service Welding And Repair, LLC filed this lawsuit, alleging a vessel—the "Porn Star"—was unlawfully repossessed by Defendants. The Court reviews this matter sua sponte under 28 U.S.C. § 1915(e)(2)(B) and orders, among other things, Plaintiffs to show cause why their case should not be dismissed.

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 1

## 2. BACKGROUND

Plaintiffs filed this action on August 28, 2023. Dkt. No. 1. Plaintiffs' original proposed complaint is brief and does not include an explicit date of the alleged incidents, only stating they were "embarrassed at this last day of probable limitations expiration dates." *See id.* at 1. The proposed complaint includes only bare facts underlying their allegations, including that Plaintiffs possessed a vessel and that Defendants took the vessel from Plaintiffs. *See* Dkt. No. 1. Reading the complaint liberally, the Court construes it as a cause of action for a vessel arrest under Federal admiralty law as well Washington State liens. *See* Dkt. No. 1 at 4. Plaintiffs also allude to a Section 1983 claim and allege Defendants stole the vessel at issue. *Id.* at 5. Finally, Ferguson alleges a Consumer Protection Act violation against Defendants. *Id.* at 6.

On December 20, 2023, Plaintiffs filed their First Amended Complaint. Dkt. No. 12. Plaintiffs more fully describe the events that led to Defendants wrongfully removing M/V Pornstar from Plaintiffs' possession on August 28, 2020. *Id.* at 12. Plaintiffs name as defendants M/V Pornstar In Rem; Danny Ray Ireland; Louisa Case; Doujsha A. Edwards; Kevin F. Gollischewski; John Doe Trailer Ron Doe; John Doe Tow Driver Doe; Alpha Recycle; and Does 1-10. *Id.* at 1. Along with a vessel arrest claim and claims related to state liens, Plaintiffs assert claims for "theft," "theft of services rendered," "unlawful summons of law enforcement," "negligence," "outrage," "trespass to land," "trespass to chattels," "quantum meruit," and "civil conspiracy for a criminal enterprise or group for joint liability." *Id.* Plaintiffs also bring claims for "42 U.S.C. § 1983 . . . deprivation of constitutional civil rights, a

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 2

federal statutory right, and Washington based deprivation of state constitutional civil rights." *Id.* at 21. U.S. Magistrate Judge Michelle L. Peterson issued a Report and Recommendation ("R&R") on November 9, 2024, recommending that this Court grant Plaintiffs *in forma pauperis* status. Dkt. No. 9. No one objected to the R&R and the time for objecting has passed.[1] *See* Dkt.

On November 3, 2023, Plaintiffs filed a second, related action involving M/V Pornstar under Case No. 23-cv-01685. In their second lawsuit, Plaintiffs allege substantially the same factual background as their initial lawsuit. Plaintiffs named different defendants than in their initial complaint, however, including: J. Thompson, "John Does Supervisor"; "John Doe Partner"; "Jane Doe, Dispatch 911 Responder"; City of Marysville, Washington; and "Does, 4 through 10." As causes of action, Plaintiffs allege "Assault Against Defendant J. Thompson"; "Battery Against Defendant J. Thompson"; "False Imprisonment Against Defendants J. Thompson John Doe Supervisor, John Doe Partner and Jane Doe"; "42 U.S.C. § 1983 Against City of Marysville"; "Respondeat Superior of City of Marysville"; "Unlawful Summons of Law Enforcement RCW 4.24.345"; "Trespass Against J. Thompson RCW 4.24.630"; "Nuisance Against J. Thompson RCW 7.48.120"; and "Washington State Constitution Violations."

---

[1] In a separate order issued this same day, the Court adopts the R&R.

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 3

### 3. DISCUSSION

**3.1  Consolidation of Plaintiffs' cases.**

Plaintiffs filed a pleading captioned, "Plaintiffs['] Notice Kept at One Page on This Date of Need to Properly Submit Motion, Ex Parte, to Consolidate And Beg Leave to do so by Feb. 8, 2024 For Plaintiffs['] Inability to do so Immediately by Time Impairment Issues." Dkt. No. 19. Plaintiffs' specific request is unclear, but the Court believes Plaintiffs wish to consolidate this case with their later filed action, Case No. 23-cv-01685. *See id.*

Rule 42(a) allows district courts to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). But the cases need not be identical as a prerequisite to consolidation. *See id; see also Felix v. Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *2 (N.D. Cal. Aug. 23, 2018) ("FRCP 42(a), however, does not require the complaints to be identical for purposes of consolidation."). District courts have "broad discretion" to consolidate cases and may do so sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

On May 17, 2024, this Court issued an Order to Show Cause why Plaintiffs' case in Case No. 23-cv-01685 should not be dismissed as time barred under the applicable statutes of limitation. Until the issues the Court previously identified with Case No. 23-cv-01685 are resolved, it would be imprudent to consolidate Plaintiffs' cases. For this reason, the Court DENIES Plaintiffs' request to consolidate without prejudice.

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 4

### 3.2  Plaintiffs' pending motions.

There are three additional pending motions before the Court.

#### 3.2.1  Plaintiffs' request for more time to effect service.

Plaintiffs request leave to extend the time for service. Dkt. No. 10. Ordinarily, a plaintiff must serve the defendant within 90 days of commencing an action as marked by the filing of the complaint. *See* Fed. R. Civ. P. 3; Fed. R. Civ. P. 4(m). But no time will be deducted from the 90-day limitations period while an IFP application is pending. *Escobedo v. Applebees*, 787 F.3d 1226, 1233 (9th Cir. 2015). Here, Plaintiffs' IFP application was pending until it was approved by this Court as of the date of this order. Thus, the time for service has only just begun to run and an extension is unnecessary. Thus, the Court DENIES Plaintiffs' motion as moot.

#### 3.2.2  Motion For Judicial Relief And Request For CM/ECF Privileges And Request IFP Determination is denied.

Plaintiffs filed a second motion captioned, "Motion for Judicial Relief and Request CM/ECF Privileges and Request IFP Determination and Ferguson's Sworn Declaration of Financial Status in Support and Libelants Report to Court Condensed Line to Line, with Written Request to Lift Abeyance." Dkt. No. 16. While this Court must liberally construe pro se pleadings, this obligation "'does not mandate that a court sustain every pro se complaint even if it is incoherent, rambling, and unreadable.'" *Whitsitt v. Indus. Emp. Distrib. Ass'n,* No. C 13-00396 SBA, 2014 WL 3615352, at *7 (N.D. Cal. July 22, 2014) (quoting *Johnson v. Wennes*, No. CIV.08CV1798L(JMA), 2008 WL 4960460, at *3 (S.D. Cal. Nov. 17, 2008)). Plaintiffs' motion is rambling and it is unclear what, exactly, Plaintiffs request. *See*,

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 5

*generally*, Dkt. No. 16. Nor do Plaintiffs include a proposed order to clarify the relief being sought. Plaintiffs motion is thus DENIED without prejudice.

### 3.2.3 Motion for Appointment of Counsel.

Finally, Plaintiffs request pro bono counsel in this matter. Dkt. Nos. 15, 20. The pro bono panel is meant to address civil rights cases brought by pro se individuals, not commercial, admiralty, or tort disputes—the primary issues in this case. *See* General Order 07-23, Pro Bono Plan. While Plaintiffs assert a Section 1983 claim, their factual alleges supporting their claim are threadbare and parts or all of this claim may be time barred. Moreover, among the plaintiffs is Mobile Fleet Service Repair—a corporation. Under the District's Pro Bono plan, counsel is reserved for individuals, not corporations. *See* General Order 07-23, Pro Bono Plan. The Court concludes that Plaintiffs do not meet the criteria for the appointment of pro bono counsel and that the interests of justice would not be served by appointing counsel. Plaintiffs' request for the appointment of pro bono counsel, Dkt. No. 15, is DENIED.

### 3.3 The Court reviews Plaintiffs' claims under its authority granted by 28 U.S.C. § 1915(e)(2)(B).

"Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well as complaints." *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). But under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 6

### 3.3.1 Relating back Plaintiffs' First Amended Complaint and statute of limitations.

#### 3.3.1.1 Relation back to Plaintiffs' initial complaint.

Plaintiffs allege the incidents in their complaint occurred on or before August 28, 2020, and they filed their initial complaint on August 28, 2023. Dkt. No. 1. Plaintiffs filed their First Amended Complaint on December 20, 2023, naming new Defendants and causes of action.[2] *Comp.* Dkt. No. 1 with Dkt. No. 12. Unless Plaintiffs' claims in the First Amended Complaint relate back to the initial complaint, most of their causes of action against the newly named Defendants and claims against the original Defendants will be barred by the statutes of limitation.

An amended pleading may "relate back" to the date of the original pleading for purposes of the statute of limitations. Fed. R. Civ. P. 15(c). When claims are brought under state law, Rule 15(c) incorporates the applicable state's relation-back rules when that law is more lenient. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014) ("Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient.").

Under Washington law, plaintiffs must show among other things that their delay in naming additional defendants was not due to "inexcusable neglect." *Stansfield v. Douglas Cnty.*, 43 P.3d 498, 501 (Wash. 2002) (internal citations and

---

[2] Plaintiffs' First Amended Complaint adds the following defendants: The City of Marysville, "Marysville Police Officer J. Thompson . . . Marysville Police Officer John Doe Supervisor . . . Marysville Police Officer John Doe Partner . . . Jane Doe 911 Dispatch Responder . . ."

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 7

quotation marks omitted). This is a more stringent standard than the federal rule, so the Court will analyze relation back under Fed. R. Civ. P. 15(c). *See Frisvold v. Pentair Filtration Sols. LLC*, No. C17-136RSL, 2017 WL 3236972, at *4 (W.D. Wash. July 31, 2017) ("Washington Superior Court Civil Rule (CR)15(c)'s 'inexcusable neglect' requirement to 'relation back' does not provide a more liberal standard then the federal rule."); *Afoa v. China Airlines Ltd*, No. C11-0028-JCC, 2013 WL 12064879, at *2 (W.D. Wash. Apr. 12, 2013) (same).

Under Federal Rule 15(c), a party may relate back their claims against existing parties if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Separately, where the amendment adds a new defendant, the plaintiff must also show that the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," before the time for service of summons expires. Fed. R. Civ. P. 15 (c)(1)(C)(i)-(ii).

Plaintiffs' original complaint is sparse on any facts. *See* Dkt. No. 1. Generally, Plaintiffs allege Defendants stole a vessel from Ferguson and Mobile Fleet. *Id.* at 5. But they offer no further details about the operative facts or the basis for the claims asserted. "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.3 (1984) (internal citations and quotation marks omitted). Because

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 8

Plaintiffs' original complaint does not provide Defendants with a short and plain statement of the claim showing that they are entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), "it was not an original pleading that could be rehabilitated by invoking Rule 15(c)." *Baldwin Cnty.*, 466 U.S. at 150 n.3. Thus, the Court finds that Plaintiffs may not use the relation-back rule to save from the applicable statutes of limitation of any new claims asserted against existing Defendants in their First Amended Complaint that are otherwise time barred.

Plaintiffs fair no better with their newly added Defendants. Rule 15(c) is intended to protect a plaintiff who mistakenly targets the wrong defendant and then discovers, after the relevant statute of limitations has run, the identity of the proper party. *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994). But if the plaintiff made a deliberate choice to sue certain defendants and not others, the plaintiff cannot join the defendants it omitted after the statute of limitations has run. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010). Rule 15(c)(1)(C) does not apply when the failure to name a prospective defendant was "the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity." *Id.* Moreover, replacing a "Doe" defendant with the name of an actual defendant is not a "mistake" for purposes of relating back. *McKenzie v. Portland Police Div.*, No. 3:22-CV-01140-SB, 2023 WL 10354245, at *3 (D. Or. Sept. 1, 2023), *report and recommendation adopted*, No. 3:22-CV-1140-SB, 2024 WL 658865 (D. Or. Feb. 16, 2024) (collecting cases, "[D]istrict courts in the Ninth Circuit have universally recognized that Rule 15(c)'s relation back provision does not apply to the untimely substitution of Doe defendants").

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 9

Plaintiffs' decision to omit the defendants named in their First Amended Complaint appears deliberate since the original complaint acknowledges "procedural issues with libel," but does not express any uncertainty about the identity or roles of the named Defendants. This fact coupled with the Court's finding that the original complaint is too threadbare to say that the First Amended Complaint arises out of the same conduct, transaction, or occurrence foreclose Plaintiffs' use of the relation-back rule to assert claims against the newly named Defendants. And because of these defects, the Court need not decide whether the pendency of Plaintiffs' IFP application tolled the service and notice requirement under Rule 15(c)(1)(C) and Rule 4(m) for purposes of the relation-back rule.

Accordingly, the Court finds the original complaint did not provide sufficient notice to Defendants required under Rule 15, and thus will not relate Plaintiffs' First Amended Complaint back to the filing date of their original complaint on August 28, 2023.

### 3.3.1.2   Statute of limitations.

Because Plaintiffs' First Amended Complaint does not relate back to their original complaint, many of their claims are now time barred.

First, the Court interprets Plaintiffs' claims for "theft" as one for common law conversion. *See Olin v. Goehler*, 694 P.2d 1129, 1132 (Wash. Ct. App. 1985) ("A conversion is a willful interference with a chattel without lawful justification, whereby a person entitled thereto is deprived of the possession of it."). The statute of limitations for conversion is three years. RCW 4.16.080(2).

The Court also construes Plaintiffs' claims for "theft of services" as one for quantum meruit, in conjunction with their Count VII for quantum meruit, which is subject to a three-year statute of limitations. RCW 4.16.080; *see Davenport v. Washington Educ. Ass'n*, 197 P.3d 686, 704 (Wash. Ct. App. 2008) ("[T]he statute of limitations applicable to a common law cause of action for unjust enrichment . . . which . . . is equivalent to a cause of action for restitution or implied in law contract . . . is three years.").

Plaintiffs assert other causes of action in their First Amended Complaint that are barred by the three-year statutes of limitation: negligence (RCW 4.16.080(2)); *see also Woods View II, LLC v. Kitsap Cnty.*, 352 P.3d 807, 816 (Wash. Ct. App. 2015)); outrage (*Cox v. Oasis Physical Therapy, PLLC*, 222 P.3d 119, 127 (Wash. Ct. App. 2009)); trespass and trespass to chattels (RCW 4.16.080); conspiracy (*see* RCW 4.16.080(2), (4)); Lien on Vessels And Equipment (RCW 60.36); and a Section 1983 claim (*Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1156 (W.D. Wash. 2019) ("Because 42 U.S.C. § 1983 does not contain a statute of limitations, the court applies Washington's statute of limitations for personal injury actions" to 1983 actions.") (citing RCW 4.16.080(2) (three-year statute of limitations for personal injury claims)).

Finally, Plaintiffs claim against "Jane Doe Dispatcher" under RCW 4.24.345 (unlawfully summoning a law enforcement officer) is also time barred. Dkt. No. 12 at 22. Neither this statute nor Washington's statute for the limitation of actions, RCW 4.16 *et seq.*, include a statute of limitations for this action. So under RCW

4.16.130, the action "shall be commenced within two years after the cause of action shall have accrued." This claim is also too late.

In sum, the claims analyzed above are barred by the statute of limitations, the longest being three years, because the events at issue occurred on August 28, 2020, or earlier, and Plaintiffs First Amended Complaint was filed on December 20, 2023—almost three and a half years later. Dkt. No. 12.

### 3.4   Plaintiffs fail to state claims.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1122 (9th Cir. 2000)). Under Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). But the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

First, it is unclear whether Plaintiffs intend to allege a Section 1983 claim. *See* Dkt. No. 12 at 21. Plaintiffs simply list Section 1983 throughout their complaint with no short and plain statement showing they are entitled to relief under Section

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 12

1983. As drafted, Plaintiffs' First Amended Complaint does not plead a plausible Section 1983 claim, as they offer no factual "adornment" showing a depravation of rights, privileges, or immunities secured by the Constitution nor that the alleged violation was committed by a person acting under the color of State law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In addition, a "claim under *Monell* is the only means of asserting a § 1983 claim against a municipality." *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue.") (italics original) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiffs name the City of Marysville as a defendant—a municipality—but fail to allege a *Monell* claim. Thus, Plaintiffs Section 1983 claim against the City of Marysville is not viable.

Second, Plaintiffs include in their First Amended Complaint the statement "Washington state based deprivation of state constitutional civil rights . . ." Dkt. No. 12 at 21. Setting aside the fact that Plaintiffs offer no factual allegations in support of this claim, "Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations 'without the aid of augmentative legislation[.]'" *Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. Ct. App. 2001) (quoting *Sys. Amusement, Inc. v. State*, 500 P.2d 1253 (Wash. Ct. App. 1972)).

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 13

Next, Plaintiffs assert a cause of action for a civil conspiracy. To establish a civil conspiracy claim under Washington law, Plaintiffs must "prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *All Star Gas, Inc., of Washington v. Bechard*, 998 P.2d 367, 372 (Wash. Ct. App. 2000) (citation omitted). Additionally, if the object of the conspiracy is fraudulent, the Ninth Circuit has held the plaintiff must comply with Rule 9(b)'s particularity requirements and "must plead, at a minimum, the basic elements of conspiracy." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006). Plaintiffs' alleged conspiracy is fraudulent: For example, Plaintiffs allege Case was "the fake superior interest holder," who had "fake papers," and that Ireland engaged in a "setup." Dkt. No. 12 at 3-4. Further, Plaintiffs imply the Defendants misrepresented to law enforcement that they held a security interest in the vessel, when according to Plaintiffs, they did not. *See id.* at 12. But Plaintiffs' allegation that "Dann Ray Ireland, Louisa Case, Kevin Gollishewski, Doujsha Edwards, Tow Driver John Doe, Trailer Ron Doe and Alpha Recycle" conspired together, without more, fails to satisfy the heighted pleading requirement of their conspiracy claim. Dkt. No. 12 at 24.

Finally, Plaintiffs do not plead sufficient details about the liens they seek to enforce. Plaintiffs cite RCW 60.36, RCW 60.08, and RCW 60.10. First, as alleged, it appears Plaintiffs' state liens on the vessel are preempted by the federal law. *See Farwest Steel Corp. v. DeSantis*, 687 P.2d 207, 210 (Wash. 1984) (citing the Federal

ORDER ON MOTIONS AND ORDER TO SHOW CAUSE - 14

Maritime Lien Act, 46 U.S.C. § 975). Second, even if not preempted, and even if the alleged liens relate to other chattel or services, Plaintiffs fail to (1) identify, for example, a description of the chattel or labor provided, or (2) plead who has a right to the liens. *See* RCW 60.36 *et seq.*; RCW 60.08.020; RCW 60.10.010; Dkt. No. 12. Because Plaintiffs First Amended Complaint lacks sufficient factual basis for Plaintiffs' alleged state liens, they fail to state a plausible claim entitling them to relief.

### 3.5     Plaintiff Mobile Fleet Service and Repair may not proceed in this lawsuit without counsel.

Finally, because a corporation may only appear in Federal Court through counsel, the Court has concerns about Mobile Fleet's lack of counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.") (citation omitted). More pointedly, unless they are attorneys, neither Ferguson nor Sandberg may represent Mobile Fleet's interest in this lawsuit. *See Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986). This is the case even if Ferguson is the sole owner of Mobile Fleet; Ferguson cannot circumvent the requirement that a corporation must be represented by counsel in federal court by attempting to bring Mobile Fleet's claims arising from its rights (for example, its liens) in his own name. *See, e.g.*, *Powell v. United States Small Bus. Admin.*, No. 1:24-CV-00207 (UNA), 2024 WL 1577948, at *3 (D.D.C. Apr. 5, 2024). In sum, even if Plaintiffs'

claims survive, it appears Mobile Fleet must be dismissed because it may not proceed pro se.

## 4. ORDER TO SHOW CAUSE

As explained above, Plaintiffs' First Amended Complaint includes multiple claims that are either time barred under statutes of limitation, fail to state a claim, or both. Moreover, Mobile Fleet may not proceed without counsel. To avoid dismissal of these claims, leaving only Plaintiffs' Federal Maritime Lien Claim, Plaintiffs must provide a written response within 21 days of entry of this order, limited to five pages, about why these claims should not be dismissed.

## 5. CONCLUSION AND ORDER

To summarize:

- Plaintiffs' request to consolidate Case No. 23-cv-1338 with Case No. 23-cv-01685, Dkt. No. 19, is DENIED;

- Plaintiffs' Request For Leave to Extend Time For Service of Process, Dkt. No. 10, is DENIED;

- Plaintiffs' Motion For Judicial Relief, Dkt. No. 16, is DENIED;

- Plaintiffs' request for the appointment of pro bono counsel, Dkt. No. 15, is DENIED;

- **Plaintiffs must respond to the Court's order to show cause (*see* Section 4, above) within 21 days of this Order or the claims that are the subject of this order will be dismissed. Any response is limited to five pages.**

It is so ORDERED.

Dated this 31st day of May, 2024.

Jamal N. Whitehead
United States District Judge