UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FERGUSON; PERRY SANDBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>M/V THE PORN STAR, ET AL.,<br><br>    Defendants. | CASE NO. 23-cv-1338<br><br>ORDER |

# 1. INTRODUCTION

Pro se plaintiffs Lee Ferguson and Perry Sandberg, proceeding in forma pauperis (IFP), bring *in rem* and *in personam* claims alleging that Defendants unlawfully repossessed a vessel, M/V THE PORN STAR, on which Plaintiffs claimed a maritime lien after performing uncompensated services. *See* Dkt. No. 12. In May 2024, the Court reviewed the operative complaint under 28 U.S.C. § 1915(e)(2) ("Section 1915") and found that—except for their federal maritime lien claim—Plaintiffs' remaining claims are "time barred under statutes of limitation, fail to state a claim, or both." Dkt. No. 21 at 16. The Court ordered that "[t]o avoid dismissal of these claims, leaving only Plaintiffs' Federal Maritime Lien Claim,

ORDER - 1

Plaintiffs must provide a written response… about why these claims should not be dismissed." *Id.* The Court also found that Plaintiff Mobile Fleet Service and Repair ("Mobile Fleet") was an unrepresented business entity and could not proceed pro se. *Id.* at 15-16.

On June 22, 2024, Ferguson responded to the Court's Order to Show Cause. Dkt. No. 25. Rather than substantively addressing the Court's Section 1915 review, he instead devoted his response to arguing for the recusal of this Court on grounds of alleged bias. *Id.* Then, on July 12, 2024, Ferguson—attempting to act on behalf of Mobile Fleet—filed a "Notice of Voluntary Dismissal" as to Mobile Fleet's claims. Dkt. No. 26 at 2 ("Unable to secure counsel for representation, Nominal Plaintiff Mobile Fleet Service through its sole and managing member [Ferguson] believes it is unnecessary to remain a party.").

Having reviewed the record, the law, and the briefing, the Court, being fully informed, FINDS that Plaintiffs' claims—except for the federal maritime lien claim—are time-barred and therefore fail to state a claim upon which relief may be granted. Because this failure cannot be cured by amendment, the Court DISMISSES these claims without prejudice under Section 1915.

As for Plaintiffs' federal maritime lien claim, the Court finds several defects in Plaintiffs' pleadings, discussed in full below, that prevent the Court from ordering vessel arrest. The most important of these defects pertain to the identity of the plaintiffs. For one, Patrick Sandberg is listed as a plaintiff in this case, yet did not verify the operative pleading. *See* Dkt. No. 12. Even more crucially, assuming the facts alleged in the complaint are true, any federal maritime lien against THE

ORDER - 2

PORN STAR would appear to belong to Mobile Fleet, as the general repair contractor, not to Ferguson or Sandberg. But Mobile Fleet cannot proceed pro se. As such, it appears that the only way for this action to proceed is for Mobile Fleet to obtain authorized counsel and thereby prosecute its lien claim. Therefore, the Court ORDERS Plaintiffs, within THIRTY (30) days of this Order, to either: (1) through counsel, file an amended, properly verified complaint that states a valid federal maritime lien claim on behalf of Mobile Fleet; or (2) show cause, in writing, why Ferguson or Sandberg, or both, have standing to bring this pro se action as lien claimants under federal law. Failure to do so will result in dismissal under Section 1915 for failure to state a claim.

Finally, the Court DENIES Ferguson's motion for recusal and DIRECTS the Clerk of Court to refer this matter to the Chief Judge for review.

## 2. BACKGROUND

Plaintiffs filed this action on August 28, 2023. Dkt. No. 1. Their original proposed complaint was brief and did not include the date or details of the alleged incidents, only stating that Plaintiffs were "embarrassed at this last day of probable limitations expiration dates." *See id.* at 3. The original proposed complaint included only bare facts underlying Plaintiffs' allegations, including that Plaintiffs possessed a vessel and that Defendants took it from Plaintiffs. *See* Dkt. No. 1. Construed liberally, the complaint asserted claims for a federal maritime lien, state maritime lien, state non-maritime lien, deprivation of right under color of law (Section 1983), theft, and violation of the Washington Consumer Protection Act. *Id.* The complaint named eight defendants: (1) Dann Ray Ireland, (2) Louisa Case, (3) the marital

community of Ireland and Case, (4) Officer Kevin F. Gollischewski, (5) Officer Doujsha A. Edwards, (6) Alpha Recycle, LLC, (7) "John Doe One (as tow driver J. Doe)", and (8) "John Doe Two (as trailer Ron Doe)." The complaint, however, provided no insight into the alleged actions of these defendants or the factual basis for Plaintiffs' claims.

On December 20, 2023, Plaintiffs filed a proposed amended complaint. Dkt. No. 12. Because Plaintiffs have since been granted IFP status, Dkt. No. 22, the proposed amended complaint is now docketed as the amended complaint and serves as the operative complaint in this suit, Dkt. No. 24. The amended complaint was signed and verified only by Lee Ferguson, not Sandberg or Mobile Fleet. *See id.*

Compared to its predecessor, the amended complaint more fully describes the events giving rise to this suit. According to the amended complaint, Ferguson is the "Managing Member" of Mobile Fleet, a limited liability company offering boat repair services out of Ferguson's home. *Id.* at 42. Sandberg is a tenant who lives in Ferguson's home and appears to work with Mobile Fleet. *Id.* at 17. On April 18, 2020, Defendant Dann Ray Ireland allegedly left his vessel, THE PORN STAR, at Mobile Fleet for repairs. *Id.* at 14. Mobile Fleet allegedly performed services on the vessel, incurring labor and materials costs. *Id.* at 33. The vessel then allegedly remained at Mobile Fleet's premises for several months during which Ireland took no action to pay for storage and service expenses or to pick up the vessel. *See* Dkt. No. 41-42. Ferguson allegedly sent a letter to Ireland on August 27, 2020, demanding $2,609 for services and storage. *Id.* The next day, rather than paying the invoice, Ireland, acting with the other Defendants, allegedly "repossessed" the

ORDER - 4

vessel from Mobile Fleet's premises. *See id.* at 23-26. According to the amended complaint, Marysville Police Officers, including Defendant Officers Kevin F. Gollischewski and Doujsha A. Edwards, assisted Ireland with the repossession, citing "repo law" as the basis for their participation and threatening Ferguson with arrest when he attempted to intervene. *Id.*

In addition to asserting state and federal maritime and non-maritime lien claims stemming from the uncompensated services performed on the vessel, the amended complaint also asserts claims for "theft," "theft of services rendered," "unlawful summons of law enforcement," "negligence," "outrage," "trespass to land," "trespass to chattels," "quantum meruit," "civil conspiracy for a criminal enterprise or group for joint liability," "deprivation of constitutional civil rights" (under Section 1983), and "deprivation of state constitutional civil rights." Dkt. No. 24. The amended complaint names as defendants the same individuals and entities named in the original complaint, as well as several newly added defendants: the City of Marysville, Washington; Marysville Police Officer J. Thompson (in his individual and official capacities); and multiple "Doe" defendants related to the Marysville Police Department.

On May 31, 2024, the Court reviewed Plaintiffs' pleadings under Section 1915, which requires courts to dismiss any portion of a civil complaint filed IFP that fails to state a claim upon which relief can be granted. Dkt. No. 21; *see* 28 U.S.C. § 1915(e)(2). The Court first analyzed whether Plaintiffs' claims are time-barred. *Id.* at 7-12. Because Plaintiffs' original complaint did not state any facts to support the claims asserted, the Court found that "'it was not an original pleading that could be

rehabilitated by invoking Rule 15(c).'" *Id.* at 8-9 (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.3 (1984)). The Court thus concluded that "[b]ecause Plaintiffs' First Amended Complaint does not relate back to their original complaint, many of their claims are now time barred." *Id.* at 10-12 (finding statute-of-limitations issues barring Plaintiffs' claims for conversion, quantum meruit, negligence, outrage, trespass and trespass to chattels, conspiracy, Section 1983, state liens, and unlawful summoning of law enforcement). The Court also found that—even setting aside time-bar issues—Plaintiffs failed to plead sufficient facts to support their Section 1983, state-constitutional rights, civil conspiracy, and state lien claims. *Id.* at 12-15. The Court concluded that all Plaintiffs' claims, except for their federal maritime lien claim, are "time barred…, fail to state a claim, or both." *Id.* at 16. The Court ordered that "[t]o avoid dismissal of these claims, leaving only Plaintiffs' Federal Maritime Lien Claim, Plaintiffs must provide a written response… about why these claims should not be dismissed." *Id.* at 15-16. Finally, the Court found that Mobile Fleet was an unrepresented business entity and could not proceed without counsel. *Id.* at 15.

On June 22, 2024, Ferguson responded to the Court's Order to Show Cause. Dkt. No. 25. Rather than substantively addressing the Court's Section 1915 review, he instead devoted his response to moving to recuse this Court on grounds of alleged bias. *Id.*

On July 12, 2024, Ferguson again attempted to act on behalf of Mobile Fleet in dismissing its claims and voluntarily withdrawing from this action. Dkt. No. 26.

ORDER - 6

Ferguson, though, is not an authorized attorney and therefore cannot act on behalf of Mobile Fleet—neither in bringing nor withdrawing claims.

### 3. DISCUSSION

**3.1  Recusal Motion.**

Ferguson asserts that the Court's Order exhibits bias and moves for its recusal. Dkt. No. 25. As for the nature of this alleged bias, Ferguson is unclear. He admits that the Court's discussion of his case is "truthful," yet contends, puzzlingly, that "Judge JNW does not *accurately* portray the occurrences." *Id.* at 3. He also cites alleged "delay" and suggests that the Court fails to refer to the public-official defendants as "police" or "officer." *Id.* at 4. From this, he concludes that "[t]he court through Judge JNW has indicated by acts it can no longer be trusted to act as a neutral arbiter." *Id.* at 3.

While Ferguson does not state a statutory basis for recusal, the Court construes his filings liberally and considers his motion under the potentially applicable recusal statutes: 28 U.S.C. §§ 144, 455. When a party moves to recuse under one of these statutes, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must recuse from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required if a party files a "timely and sufficient affidavit that the judge before whom [their] matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party," 28 U.S.C. § 144,

and the judge determines recusal is appropriate, *United States v. Feldman*, 983 F.2d 144, 145 (9th Cir. 1992).

The standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is essentially the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation omitted). This reasonableness standard matches Canon 3C(1) of the Code of Conduct for the United States Judges, which requires that any basis for challenging a judge's impartiality must be "reasonable." *See generally* Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009). "The factors the judge should consider in making the reasonableness determination [include]… the nature of the complaint, the applicable law, and other relevant circumstances." *Id.*

Ferguson has cited no grounds on which to question the impartiality of the Court. Even if he were correct—which he is not—in challenging the Court's legal reasoning in its Order to Show Cause, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Ferguson has provided no indication of bias, partiality, or impropriety.

As such, the Court DENIES Ferguson's motion for recusal and DIRECTS the Clerk of Court to refer this matter to the district's Chief Judge for review. *See* LCR

3(f) ("If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee.").

### 3.2  Mobile Fleet's Withdrawal of Claims.

The Court previously found that "because a corporation may only appear in Federal Court through counsel," Ferguson can neither represent Mobile Fleet nor "attempt[ ] to bring Mobile Fleet's claims arising from its rights (for example, its liens) in his own name." Dkt. No. 21 at 15. In response to this Order, Ferguson—attempting to act on behalf of Mobile Fleet—filed a "Notice of Voluntary Dismissal," purporting to withdraw Mobile Fleet from this action. Dkt. No. 26.

The Court reiterates that Ferguson may not act in federal court on behalf of Mobile Fleet. He may neither bring claims on behalf of Mobile Fleet, nor withdraw them. As such, the Court STRIKES the "Notice of Voluntary Dismissal" from the docket. Dkt. No. 26.

### 3.3  Section 1915 Review.

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). Even so, the duties imposed on the Court by Section 1915 are unwavering, and when an IFP plaintiff fails to state a claim, the action must be dismissed.

In its Order to Show Cause, the Court found that—except for Plaintiffs' federal maritime lien claim—the remaining claims are "time barred under statutes of limitation, fail to state a claim, or both." Dkt. No. 21 at 16. In his Response to the Court's Order, Ferguson offered no reason to doubt the Court's conclusion. *See* Dkt. No. 25. Therefore, the Court incorporates its earlier analysis and FINDS that all of

Plaintiffs' claims, except for their federal maritime lien claim, fail to state a claim on which relief may be granted. Because these claims are time-barred, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati*, 791 F.3d at 1039. Therefore, the Court DISMISSES these claims with prejudice under Section 1915.

The Court now turns to Plaintiffs' only surviving claim: the federal maritime lien claim. Under the Federal Maritime Lien Act, "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner… has a maritime lien on the vessel [and] may bring a civil action in rem to enforce the lien[.]" 46 U.S.C. § 31342. "Necessaries" are defined to include "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). A federal maritime lien "arises from the moment of the service… that provides its basis" and need not be recorded. *See* Maritime Liens and Ship Mortgages: Nature, Creation and Acquisition, 1 Admiralty & Mar. Law § 9:1 (6th ed.) (citing *United States v. Z.P. Chandon*, 889 F.2d 233 (9th Cir. 1989)). Federal maritime liens are not subject to a statute of limitations; late enforcement is restricted only by the doctrine of laches. *See, e.g.*, *Galehead, Inc. v. M/V GOODPAL*, No. C98-0148, 1999 WL 1488986, at *3-4 (W.D. Wash. Jan. 20, 1999).

To enforce a federal maritime lien, a plaintiff may file an action in rem in the judicial district where the vessel is located. Such actions are governed by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule C"). Under Rule C, "[i]n an action in rem the complaint must: (a) be verified; (b) describe with reasonable particularity the

ORDER - 11

property that is the subject of the action; and (c) state that the property is within the district or will be within the district while the action is pending." Rule C(2). "If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel[.]" Rule C(3)(a)(i). According to the Advisory Committee, "the rule envisions that the (arrest) order will issue upon a prima facie showing that the plaintiff has an action in rem against the defendant in the amount sued for and that the property is within the district. A simple order with conclusory findings is contemplated." However, "'Rule C(3) has been amended to provide for judicial scrutiny before the issuance of any warrant of arrest'… 'to eliminate any doubt as to the rule's constitutionality.'" *Fluence Energy, LLC v. M/V BBC FINLAND*, No. 3:21-CV-01239-BEN-JLB, 2021 WL 2895722, at *5 (S.D. Cal. July 9, 2021) (quoting Advisory Committee Note).

Upon review of the operative complaint and accompanying papers, the Court identifies several pleading deficiencies that prevent it from issuing a warrant for the arrest of THE PORN STAR.

First, even assuming the facts alleged in the complaint are true, any federal maritime lien against THE PORN STAR would appear to belong to Mobile Fleet, not to Ferguson or Sandberg. With limited exceptions, only a general repair contractor, not a subcontractor, is entitled to a lien for services delivered to a vessel. *Farwest Steel Corp. v. Barge Sea-Span 241*, 828 F.2d 522, 526 (9th Cir. 1987). Here, the general contractor appears to be Mobile Fleet. The complaint alleges that THE PORN STAR was "brought to Mobile Fleet… for repairs and work[.]" Dkt. No. 24 at 14. In his August 27, 2020, demand letter to Ireland, Ferguson, writing as

"Managing Member" of Mobile Fleet, itemized the amounts owed to Mobile Fleet. *Id.* at 41-42; *see also id.* at 43, 45, 51, 69, 89, 90–95, 97, 99, 100, 103–107, 115 (indicating Mobile Fleet as the entity to whom Ireland owed money). Indeed, when Ferguson attempted (unsuccessfully) to record notice of a Washington State chattel lien against THE PORN STAR, he named Mobile Fleet as the intended claimant. *Id.* at 115.[1]

As such, Mobile Fleet appears to be the entity that may prosecute this action. But as discussed earlier, Mobile Fleet cannot proceed pro se as a business entity. And Ferguson is not an authorized attorney: He can neither bring claims on behalf of Mobile Fleet, nor voluntarily dismiss them. *See supra* § 3.2. It appears, then, that the only way for this action to proceed is for Mobile Fleet to obtain counsel authorized to practice law in this district and, through that counsel, to submit an amended complaint on its own behalf. Therefore, the Court GRANTS Plaintiffs leave to amend their complaint within THIRTY (30) days of this Order. The amended complaint should be properly verified, filed via licensed counsel, and should name Mobile Fleet as the Plaintiff. Alternatively, if Ferguson or Sandberg believe that they are the proper plaintiffs to pursue this action, then the Court ORDERS them to show cause in writing within THIRTY (30) days of this order why they have standing to claim a federal maritime lien against THE PORN STAR,

---

[1] Granted, Ferguson did also attempt to assert a state lien in his own name, but only in his capacity "as a subcontractor" with Mobile Fleet. Dkt. No. 24 at 142. As discussed above, subcontractors are not generally entitled to federal maritime liens. This follows from the idea that the subcontractor "extends credit to the contractor and not the ship." *Farwest Steel Corp. v. Barge Sea-Span 241*, 828 F.2d 522, 526 (9th Cir. 1987) (quoting 2 Benedict on Admiralty § 38 n. 2 (7th Ed.1986)).

notwithstanding the Ninth Circuit's holding in *Farwest* (discussed above) that only general contractors may do so. Failure to perform either of these two options will result in dismissal of Plaintiffs' federal maritime lien claim under Section 1915.

Second, even setting aside substantive issues with Plaintiffs' lien claim, Rule C requires Plaintiffs to verify the complaint. Here, the amended complaint is verified only by Ferguson, not Sandberg. Dkt. No. 24 at 25. Accordingly, the Court ORDERS Plaintiffs to show cause, within THIRTY (30) days, why Sandberg should not be dismissed as a plaintiff in this case. Alternatively, Plaintiffs may file an amended complaint within THIRTY (30) days that either (1) excludes Sandberg as a plaintiff or (2) is verified by Sandberg. If Sandberg wishes to remain in this action, he must provide a factual and legal basis for his standing to assert a federal maritime lien claim against THE PORN STAR.

Third, setting aside the issue of proper plaintiffs, the Court finds that the amended complaint is not adequately verified. To verify a complaint, a plaintiff must "declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." 28 U.S.C. § 1746. Here, while Ferguson does "verif[y] [his] Libel and complaint as truthful," *see* Dkt. No. 24 at 25, he does not do so "under penalty of perjury." The Court ORDERS Plaintiffs to rectify this failure within THIRTY (30) days of this Order.

Fourth and finally, under Rule C, the verified complaint must "state that the property is within the district or will be within the district while the action is pending." Here, the complaint states that "the res, M/V Porn Star, is alleged to be home-ported in this district, presently suspected of being in the city of Lake Stevens

ORDER - 14

in the county of Snohomish." Dkt. No. 24 at 9. This allegation—that THE PORN STAR is "alleged to be" "presently suspected of being" in this district—is too equivocal to support a vessel arrest. To make the prima facie showing necessary for a vessel arrest, Plaintiffs must, within THIRTY (30) days, *unambiguously* and *plausibly* assert the location of the vessel.

The above list of issues is not exhaustive. However, the Court cannot allow Plaintiffs' complaint to proceed until these issues are addressed.

### 4. CONCLUSION

In sum, the Court ORDERS as follows:

- The Court DENIES Ferguson's motion for recusal, Dkt. No. 25, and DIRECTS the Clerk of Court to refer this matter to the Chief Judge for review.

- The Court STRIKES Mobile Fleet's Notice of Voluntary Dismissal, Dkt. No. 26, because business entities may only submit filings in Federal Court through authorized counsel.

- The Court DISMISSES WITH PREJUDICE all of Plaintiffs' claims, except for their federal maritime lien claim, under 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.

- With respect to Plaintiffs' federal maritime lien claim, the Court GRANTS Plaintiffs leave to amend their complaint, within THIRTY (30) days, to resolve the deficiencies discussed in this Order. Almost certainly, resolving these deficiencies will require submitting an amended and properly verified complaint *through licensed counsel* on behalf of Mobile Fleet only, with

Ferguson and Sandberg withdrawing as Plaintiffs. Alternatively, if Plaintiffs do not wish to amend their complaint, the Court DIRECTS them to show cause, within THIRTY (30) days of this Order, why their federal maritime lien claim should not be dismissed under Section 1915 for failure to state a claim on which relief may be granted.

Dated this 7th day of February, 2025.

Jamal N. Whitehead
United States District Judge