1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FERGUSON et al., | CASE NO. 2:23-cv-01338-JNW |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 27) |
| v. | |
| M/V THE PORN STAR et al., | |
| Defendant. | |

This matter comes before the Court on District Judge Jamal N. Whitehead's denial (Dkt. No. 27) of Plaintiffs' motion for his recusal (Dkt. No. 25). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision to not recuse.

I.     **LEGAL STANDARD**

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

## II.    DISCUSSION

Plaintiffs moves for recusal based on Judge Whitehead's alleged bias. (Dkt. No. 25 at 2.) Plaintiffs do not state a statutory basis for recusal; however, the Court liberally construes his filings and considers his motion under the applicable recusal statutes, 28 U.S.C. §§ 144, 455.

Judge Whitehead issued an order to show cause due to multiple claims that are either time barred under statutes of limitations and/or fail to state a claim, and because Mobile Fleet Service Repair is a corporation that cannot proceed without counsel. (Dkt. No. 21 at 16.) Judge Whitehead ordered Plaintiffs to provide a written response stating why their claims should not be dismissed. (*Id.*) Plaintiffs' response to the order to show cause included a "motion for relief for bias by recusal." (Dkt. No. 25.) Plaintiffs allege Judge Whitehead "does not accurately portray the occurrences." (*Id.* at 3.) Further, Plaintiffs allege the order to show cause produced a delay that is a basis for recusal. (*See id.*) Furthermore, Plaintiffs allege Judge Whitehead's decision to

1  not refer to defendants as "police" or "officer" indicates bias. (*Id.* at 4.)  Finally, Plaintiffs argue
2  Judge Whitehead did not have jurisdiction because he referred to a November 11, 2023
3  complaint that does not exist. (*See id.* at 4.)

4　　　Plaintiffs' allegations of bias stem from Judge Whitehead's order to show cause. But a
5  disagreement with the findings and conclusions set forth in Judge Whitehead's order is
6  insufficient to support recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)
7  ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United*
8  *States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis
9  for a bias or partiality motion.").

10　　　As for the claim that bias is evidenced by Judge Whitehead's alleged delay, Plaintiffs do
11 not cite any authority to support the conclusion that delay is a basis for compelling recusal.
12 Thus, Plaintiffs' motion does not make the required showing that a reasonable person could
13 question Judge Whitehead's impartiality.

14　　　Accordingly, the Court AFFIRMS Judge Whitehead's denial of Plaintiffs' motion for
15 recusal.

17　　　Dated this 11th day of February, 2025.

　　　　　　　　　　　　　　　　　David G. Estudillo
　　　　　　　　　　　　　　　　　United States District Judge