UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FERGUSON; PERRY SANDBERG, <br><br> Plaintiffs, <br><br> v. <br><br> M/V THE PORN STAR, ET AL., <br><br> Defendants. | CASE NO. 23-cv-1338 <br><br> DISMISSAL ORDER |

The Court raises this matter on its own accord to address the viability of pro se Plaintiffs Lee Ferguson and Perry Sandberg's federal maritime lien claim, which is the only surviving claim in this action. *See* Dkt. No. 27 at 10–11 (dismissing all other claims as time-barred).

On February 7, the Court issued an Order identifying several deficiencies with Plaintiffs' federal maritime lien claim. *Id.* Most importantly, the Court found that even assuming the facts alleged in the complaint as true, any maritime lien claim arising from those facts would appear to belong to Mobile Fleet Service and Repair ("Mobile Fleet"), a business entity, not to Ferguson or Sandberg as individuals. *See id.* at 1–3. Because a business entity may not proceed pro se, the

**DISMISSAL** ORDER - 1

Court ordered Ferguson and Sandberg, within thirty days, to "either: (1) through counsel, file an amended, properly verified complaint that states a valid federal maritime lien claim on behalf of Mobile Fleet; or (2) show cause, in writing, why Ferguson or Sandberg, or both, have standing to bring this pro se action as lien claimants under federal law." *Id.* at 3. The Court warned that failure to comply with this Order would result in dismissal of this action. *Id.*

The deadline to respond to the Court's Order passed, and Plaintiffs did not comply. They neither filed an amended complaint through counsel, nor showed cause why they, as individuals, have standing to bring this action as lien claimants. *See* Dkt. Instead, on March 10, 2025—the last possible day before the expiration of the Court's Order—they filed a notice of appeal. Dkt. No. 30.

On March 27, the Ninth Circuit dismissed Plaintiffs' appeal, concluding that it lacked appellate jurisdiction because the "order challenged in the notice of appeal granted leave to amend one claim, and is not final or immediately appealable." Dkt. No. 32 at 2 (citing U.S.C. § 1291; *United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978); 9th Cir. R. 3-6(b)). The Court also notes that nothing in Plaintiffs' appeal calls any of the Court's legal conclusions to-date into question.[1]

Plaintiffs' appeal having failed, and the window for Plaintiffs to rectify the deficiencies in their pleadings having elapsed, the Court DISMISSES this action in

---

[1] The main basis for Plaintiffs' appeal is that the Court apparently misconstrued Plaintiffs' pleadings and affidavits and mistakenly characterized two civilian defendants as police officers. This potential factual error does not alter any of the Court's legal conclusions and has no bearing on the viability of Plaintiffs' federal maritime lien claim.

**DISMISSAL** ORDER - 2

its entirety without prejudice for failure to prosecute and failure to comply with a court order. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum … is properly met with the sanction of a Rule 41(b) dismissal."). Plaintiffs' federal maritime lien claim is dismissed without prejudice. Plaintiffs' remaining claims are dismissed with prejudice, as previously ordered. Dkt. No. 27 at 10–11. The Clerk of Court is directed to ENTER JUDGMENT and CLOSE THIS CASE.

It is so ORDERED.

Dated this 1st day of April, 2025.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 3